## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 14 2017, 10:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Shontell Ludy,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff .*

November 14, 2017

Court of Appeals Case No.
49A02-1706-CR-1258

Appeal from the Marion Superior Court

The Honorable Amy M. Jones, Judge

Trial Court Cause No.
49G08-1508-CM-30426

**Vaidik, Chief Judge.**

[1] Shontell Ludy appeals her conviction for battery, arguing that the State failed to present sufficient evidence to rebut her claim of self-defense beyond a

reasonable doubt. Ludy was a customer at a laundromat in Indianapolis, and she tased an employee during a dispute over a malfunctioning machine. At a bench trial, she testified that the employee pushed her and that she tased him in self-defense. The employee and another customer told a different story, testifying that the employee did not push Ludy and that the tasing was an unprovoked attack. The trial court found Ludy guilty as charged, specifically concluding that the State's witnesses were more credible than Ludy. Tr. pp. 89-92. On appeal, Ludy repeats her claim that the laundromat employee pushed her before she tased him. This is merely a request for us to decide who is more believable, which is the trier of fact's role, not ours. *Leonard v. State*, 80 N.E.3d 878, 882 (Ind. 2017) ("When reviewing a challenge to sufficiency of the evidence, we neither reweigh the evidence nor judge witness credibility[.]"). We therefore affirm Ludy's conviction.

Affirmed.

Mathias, J., and Crone, J., concur.